# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALBERT LOUIS JOHNSON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> A.M. OWENS, Warden, ) <br> ) <br> Respondent. ) | Case No. 18 C 5626 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Albert Louis Johnson has filed a petition for a writ of habeas corpus, alleging that his ongoing confinement resulting from a term of special parole imposed in 1976 is unlawful. For the reasons set forth below, the Court denies the petition.

## Background

In 1976, a federal judge sentenced Johnson to twenty years in prison for drug-related offenses under 21 U.S.C. §§ 841(a)(1) and 846. Applying the version of section 841 in effect at the time, the judge imposed a three-year term of "special parole." "Special parole was a short-lived instrument of federal criminal justice." *Evans v. U.S. Parole Comm'n*, 78 F.3d 262, 264 (7th Cir. 1996). Congress eliminated special parole when it enacted the Sentencing Reform Act of 1984, but it still applies to individuals—such as Johnson—who received a sentence including a term of special parole before November 1, 1987. *Edwards v. Cross*, 801 F.3d 869, 871 (7th Cir. 2015). Relevant to this case are two features of special parole that distinguish it from regular parole. First,

"special parole follows the term of imprisonment, while regular parole entails release before the end of the term." Id. Second, "when special parole is revoked, its full length becomes a term of imprisonment." Id.

Johnson served about seven years of his twenty-year sentence before he was released on regular parole in May 1983. At that point, his term of regular parole was to last until January 31, 1996, followed by the special parole term that would continue until January 30, 1999. See Certificate of Parole (Apr. 11, 1983), Owens' Ex. 2, dkt. no. 9–2; Certification of Special Parole (Apr. 28, 1983), Owens' Ex. 3, dkt. no. 9–2.

In 1985, however, two years into his first term of regular parole, Johnson committed a shooting that resulted in convictions for aggravated battery and attempted murder. Shortly after the Chicago Police Department arrested Johnson for the shooting, the United States Parole Commission issued a warrant for his arrest. The United States Marshal placed the warrant as a detainer, meaning that the Marshal would be notified upon Johnson's release from prison "so he [could] be immediately taken into federal custody for a revocation of parole hearing." See *Matamoros v. Grams*, 706 F.3d 783, 788 (7th Cir. 2013); see also 28 C.F.R. § 2.47(a) ("When a parolee is serving a new sentence in a federal, state or local institution, a parole violation warrant may be placed against him as a detainer."). Johnson was sentenced to a 40-year term of imprisonment for the shooting. He remained in state prison until 2005, at which time the U.S. Marshal took him into federal custody pursuant to the detainer.

In December 2005, the Parole Commission revoked Johnson's regular parole and ordered him to serve the remainder of his original 1976 sentence, on which nearly

thirteen years remained.[1]  Sentence Monitoring & Computation Data, Owens' Ex. 1, dkt

no. 9–2, at 10.  Johnson remained in federal prison until 2013, when he was released

on regular parole based on "good time deductions."  See id. at 9; 28 C.F.R. § 2.35(a).

But Johnson's parole was revoked in May 2014 because he failed to comply with a

parole condition requiring him to pursue mental health treatment.  He was incarcerated

until April 2015, when he was released on parole again for several weeks until his

parole was revoked—this time because he absconded from his residential reentry

center.  In February 2017, Johnson was released from federal custody on ordinary

parole for the fourth and final time, only to have his parole revoked again in June 2017

after he violated a term of his parole that barred him from having contact with a

particular federal judge.

On December 8, 2017, with Johnson's original twenty-year sentence scheduled

to expire in March of the following year, the Parole Commission released him and

allowed his three-year term of special parole to commence.  Certificate of Special

Parole (Dec. 8, 2017), Owens' Ex. 28, dkt. no. 9–2.  Upon his release, however, he

received a form indicating that he had no remaining period of regular or special parole.

See Notice of Release & Arrival, Ex. 2 to Johnson's Dec. 7, 2018 Submission, dkt. no.

8.  Johnson also alleges that his probation officer told him that he "had to be good until

March 2018 and then [his] parole supervision would be over."  Pet. for Writ of Habeas

---

[1] The Parole Commission did not credit any of the time (between 1983 and 1985) that Johnson had already spent on parole.  See Dec. 15, 2005 Notice of Action, Owens' Ex. 9, dkt. no. 9–2, at 1; see also 28. C.F.R. § 2.52 ("[I]f a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence.").

3

Corpus, dkt. no. 1, at 3.

Johnson was re-arrested in May 2018 for violating his parole conditions related to mental health treatment and contact with federal judges. While he was in federal custody awaiting his parole revocation hearing, Johnson filed this petition for a writ of habeas corpus.[2] The Parole Commission ultimately decided to revoke his special parole, resulting in his incarceration for three years from the date of date of his most recent arrest. *See* Notice of Action (Nov. 6, 2018), Owens' Ex. 34, dkt. no. 9–2, at 1; *see also Edwards*, 801 F.3d at 871–72 ("[I]f an individual is reimprisoned for violating special parole, when he is released he must serve the entire original term of the special parole reduced only by the additional time spend in prison—he receives no credit for the 'street time' spent on special parole before the violation."). Johnson's term of special parole—and thus his current term of incarceration—will expire on May 2, 2021.

**Discussion**

Johnson's central argument in support of his petition is that in December 2017, upon his release from federal incarceration, he was given a notice of release indicating that there was no remaining period of supervision or special parole. *See* Ex. 2 to Johnson's Dec. 7, 2018 Submission, dkt. no. 8. He contends that the imposition of the term of special parole and his ongoing incarceration that resulted from the revocation of that parole are therefore unlawful.

Johnson's argument is foreclosed by the Seventh Circuit's decision in *Matamoros*

---

[2] Because Johnson challenges only the administration rather than the imposition of his sentence, the Court construes his petition as having been filed under 28 U.S.C. § 2241. *See Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991) ("Section 2241 provides a vehicle for attacking the execution, not the validity, of the sentence." (internal quotation marks omitted)).

4

*v. Grams*, 706 F.3d 783 (7th Cir. 2013). In *Matamoros*, the court considered whether the petitioner seeking a writ of habeas corpus had been given sufficient notice of his term of special parole to satisfy the Due Process clause of the Fifth Amendment to the U.S. Constitution. The court found that the notice provided was sufficient under the circumstances because the court presumed that Matamoros had been told about the special parole term when he was sentenced, he had received several documents informing him about the special parole term, and the statute itself (21 U.S.C. § 841) clearly made special parole a mandatory part of his sentence of conviction. *Matamoros*, 706 F.3d at 790–91. Each of these factors applies equally to Johnson. Perhaps most significantly, Johnson's term of special parole was imposed under section 841(c), which the Seventh Circuit described as "the provision most damaging to Matamoros' contention that he had every reason to believe that he was no longer a parolee subject to supervision" because of its clear and mandatory language. *Id.* at 791 (internal quotation marks omitted). Under *Matamoros*, therefore, Johnson had sufficient notice of his term of special parole to satisfy due process.

In the alternative, it is possible to understand Johnson as arguing that the government was estopped from imposing a term of special parole because it represented that he had no outstanding term of parole or supervised release when it released him from custody in December 2017. But the court in *Matamoros* considered and rejected this argument as well, explaining that estoppel applies only if the government engaged in "affirmative misconduct." *Id.* at 794. As in *Matamoros*, Johnson has not pointed to any evidence that the failure to note his special parole term on the notice of release was "anything more than the result of mere negligence." *Id.* To

5

the extent that Johnson's argument relies on the alleged statement by his parole officer that his parole term would expire in March 2018, he has similarly failed to present evidence or even plausibly allege that this was a knowing or purposeful misrepresentation.

Johnson's other arguments require only a brief discussion. First, he contends that his period of regular probation should have run concurrently with his term of state incarceration. But the regulations governing the calculation of his parole term require these sentences to run consecutively. *See* 28 C.F.R. § 2.47(e)(2) ("[T]he revoked parolee's original sentence (which due to the new conviction, stopped running upon his last release from federal confinement on parole) again start[s] to run only upon release from the confinement portion of the new sentence . . . ."). Second, Johnson argues that he was improperly confined for more than two-thirds of his original twenty-year sentence. But the regulation imposing mandatory parole after the two-thirds mark of his term of incarceration, 28 C.F.R. § 2.53, required only his release on parole—it did not, as Johnson appears to suggest, prevent the Parole Commission from revoking his parole for violating its conditions. *See* 28 C.F.R. § 2.53(c) ("A prisoner released on mandatory parole pursuant to this section shall remain under supervision until the expiration of the full term of his sentence unless the Commission terminates parole . . . ."). Johnson thus has not shown that he is entitled to relief under 28 U.S.C. § 2241.

## Conclusion

For the foregoing reasons, the Court directs the Clerk to enter judgment denying

Johnson's petition for a writ of habeas corpus [dkt. no. 1].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 10, 2019